### In the Matter of LINCOLN PLAZA TOWERS ASSOCIATES, Debtor.

### No. 80 CIV. 315.

United States District Court,
S. D. New York.

June 30, 1980.

Gelberg & Kronovet, New York City, for debtor; Joel B. Zweibel, New York City, of counsel.

Zalkin, Rodin & Goodman, New York City, for appellee; Henry L. Goodman, Richard S. Toder, Richard A. Gerard, New York City, of counsel.

LASKER, District Judge.

Lincoln Plaza Towers Associates (Lincoln) moves pursuant to Rule 801(b) of the Rules

---

of Bankruptcy Procedure[1] to dismiss its own appeals taken from two orders of the bankruptcy judge dismissing its voluntary Chapter XII petition and conditioning a stay of that dismissal pending appeal on making certain payments. Jamaica Savings Bank (Jamaica), Lincoln's secured creditor, does not oppose withdrawal of the appeals, but seeks to condition it on the payment by Lincoln of Jamaica's attorneys fees and costs incurred in opposing the stay and the appeal. Thus, the question is not whether the appeals should be dismissed, but whether Lincoln should pay Jamaica's attorneys fees and costs.

## I.

Jamaica holds a first mortgage on a high-rise apartment building in Manhattan owned by Lincoln, on which there is due approximately $8,000,000. A judgment of foreclosure has been entered on the mortgage.

On January 10, 1979, Lincoln filed a petition for voluntary relief under the Bankruptcy Act of 1898, as amended (repealed 1978) (the Act), and submitted a plan for the payment of its creditors' claims. The bankruptcy judge dismissed the petition on December 26, 1979, on the grounds that the time for payment of Jamaica's mortgage under the plan was extended in violation of section 517 of the Act, 11 U.S.C. § 917.[2] Lincoln noticed an appeal of the dismissal and applied for a stay of the dismissal pending appeal.

The bankruptcy judge granted a stay conditioned on what Lincoln characterizes as "very onerous requirements," including making certain payments to Jamaica to begin January 21st. Unable to comply with the conditions or achieve their modifica-

tion[3] by that date, the next morning Lincoln filed a new petition under Chapter 11 of the Bankruptcy Reform Act of 1978, which contains no provision similar to section 517 of the old Act and which stayed all actions against Lincoln.

It is undisputed that in light of the new petition the appeal in the first action has become moot. Jamaica argues that Lincoln should pay its attorneys fees and costs in opposing the appeal and the dismissal and the application for a stay, because, according to Jamaica, Lincoln pursued the appeal and the stay while intending to file a petition under the new statute if unsuccessful.

However, in the affidavit of Marc S. Kirschner, a member of the law firm representing Lincoln, sworn to February 26, 1980, and submitted in support of the motion, it is stated that only after the failure of Lincoln's efforts to obtain modification of the stay conditions was any "serious consideration" given to initiating a new proceeding and "serious research" begun. Moreover, Kirschner's affidavit and that of Joel B. Zweibel, a member of the same firm, submitted in support of Lincoln's motion and sworn to February 5, 1980, attest to Lincoln's efforts to secure the financing necessary to comply with the stay conditions. This evidence undercuts Jamaica's argument since it is unlikely that Lincoln would have attempted to obtain the necessary loans if at the same time it intended to file a new petition.

We find that Lincoln's conduct has not been shown to warrant the imposition of attorneys fees. Accordingly, the motion to dismiss the appeals without imposition of attorneys fees and costs is granted.

It is so ordered.

---

1. Rule 801(b) provides in part: "An appeal may also be dismissed upon motion of the appellant upon terms agreed upon by the parties or fixed by the court."

2. § 517 of the Act, 11 U.S.C. § 917 (repealed 1978), provided:

   "*Nothing contained in this chapter shall* be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereto; nor shall its provisions *be deemed to allow extension or impairment of any secured obligation held* by Home Owners' Loan Corporation or *by any Federal Home Bank or member thereof.*" (emphasis added)

3. On January 11, 1980, Judge Duffy denied Lincoln's motion brought by order to show cause to modify the conditions of the stay.